IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MARY WANLEY**                                                                                                          **PLAINTIFF**

v.                                        Case No. 3:20-cv-00064-KGB

**MARK COUNTS, Sheriff,**                                                                                        **DEFENDANTS**
**Sharpe County, and MARK JOHNSON**

## ORDER

Before the Court is plaintiff Mary Wanley's motion to dismiss without prejudice, or in the alternative, to extend the time to respond to defendants' motion for summary judgment (Dkt. No. 13). Ms. Wanley commenced the pending lawsuit on February 24, 2020 (Dkt. No. 1). Ms. Wanley alleges that she suffered employment discrimination from defendants Mark Counts and Mark Johnson (collectively "defendants") due to her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* and "Arkansas State law" (*Id.*, ¶ 12).

Defendants answered the complaint and filed a motion for summary judgment (Dkt. Nos. 2, 10). When her response to defendants' motion for summary judgment was due, Ms. Wanley moved to dismiss her complaint without prejudice or, alternatively, for two-week extension to respond to the motion for summary judgment (Dkt. No. 13, ¶¶ 1-2). Ms. Wanley stated in her motion that defense counsel has no objection to the requested extension (*Id.*, ¶ 3). Defendants responded to the motion to dismiss without prejudice and stated that they do not object to the motion for voluntary dismissal (Dkt. No. 14, ¶ 1).

More than fourteen days have passed, and Ms. Wanley has not filed a response to the motion for summary judgment. The Court assumes that Ms. Wanley wishes to dismiss this matter. The Court is willing to dismiss Ms. Wanley's case as requested. Before doing so, however, Ms.

Wanley should be aware that the practical effect of a voluntary dismissal may be a dismissal with prejudice.

Arkansas has a savings statute that entitles a party to refile a cause of action within one year after a dismissal without prejudice. Ark. Code Ann. § 16-56-126. The Arkansas savings statute does not, however, apply to lawsuits brought under Title VII or the ADEA. *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 n. 2 (8th Cir. 1983) (stating that "[b]ecause Title VII actions are governed by a federal statute of limitations, the Arkansas saving[s] clause is inapplicable" (citing *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946)); 29 U.S.C. § 626(e) (providing a 90-day limitation period for filing an ADEA lawsuit upon notification of the right to sue). Thus, in Title VII or ADEA cases, a voluntary dismissal does not toll the 90-day period to file suit. *Gatlin v. Missouri Pac. R. Co.*, 631 F.2d 551, 554 (8th Cir. 1980) ("[A] dismissal without prejudice leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought and a party cannot deduct from the limitations period the time during which the action so dismissed was pending.").

The Court denies as moot Ms. Wanley's motion for extension of time and will hold Ms. Wanley's motion to dismiss in abeyance (Dkt. No. 13). Ms. Wanley is directed to file a response to this Order within 14 days of the date of this Order, indicating whether she: (1) wishes to proceed with the requested dismissal; or (2) would like to withdraw the pending motion to dismiss and proceed with this action by filing a response to the motion for summary judgment.

So ordered this the 24th day of August, 2021.

_____
Kristine G. Baker
United States District Judge